THE PEOPLE *v*. RIVERA *alias* ARABE.

APPEAL from the District Court of Guayama.

No. 396.—Decided November 29, 1911.

CRIMINAL LAW—EMBEZZLEMENT—INSUFFICIENCY OF COMPLAINT.—A complaint stating that the defendant received a ring in pledge or as security for the payment of one dollar which he loaned to the complainant, and that when she returned the dollar and demanded the return of the ring the defendant answered that he had lost it, is insufficient to support a conviction for embezzlement, because such complaint does not allege that the defendant fraudulently appropriated the ring or concealed it with the fraudulent intention of appropriating the same to his own use, and these are necessary requisites to constitute the crime of embezzlement.

The facts are stated in the opinion.

The appellant did not appear.

Mr. *Charles E. Foote, fiscal,* for appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This case originated in the Municipal Court of Salinas

and was there disposed of by a judgment of conviction, from which judgment an appeal was taken to the District Court of Guayama and the latter court in a judgment rendered on September 18 last found the defendant guilty of the crime of embezzlement under section 449 of the Penal Code, and sentenced him to a fine of $10 and costs, or to imprisonment for 15 days in default of the payment of said fine.

From said sentence an appeal was taken to this court.

The record does not contain a bill of exceptions nor a statement of the case, nor has the appellant filed a brief or made any oral argument in support of the appeal; but the *fiscal* upheld it on the ground that the facts set forth in the complaint do not constitute the crime of embezzlement.

The complaint reads as follows:

"Peace Court of Santa Isabel, P. R.; United States of America, ss. The President of the United States. *The People of Porto Rico* v. *José Rivera, alias Arabe.* I, Lucrecia Pérez, 16 years of age, residing at No. — Muñoz Rivera Street, make this complaint against José Rivera, *alias* Arabe, for the crime of embezzlement (section 449, Penal Code), committed in the following manner:

"On the 13th of March, A. D. 1911, at—o'clock, in the store belonging to the accused, within the municipal judicial district of Salinas, I delivered to said José Rivera (Arabe), in pledge, a *fin de siecle* ring engraved with the initials 'C. G.,' which ring was valued at five dollars, and I accepted from him one dollar which was to be returned to him on the 19th of the said month. That upon taking the dollar to him on the aforesaid day the defendant informed me that he had lost the ring, all of which I communicate to the honorable court that justice may be meted out. Aniceto Sánchez and Francisco Quintero, witnesses. Santa Isabel, P. R., March 28, 1911. Lucrecia Pérez, complainant. Sworn to before me this 28th day of March, 1911. (Signed) Juan J. Monserrate, Justice of the Peace."

The *fiscal* is right. The facts complained of do not constitute the crime of embezzlement under section 449 of the Penal Code, which section we transcribe literally below:

"Section 449. Every person intrusted with any property as bailee, tenant or lodger, or with any power of attorney for the sale or trans-

fer thereof, who fraudulently converts the same or the proceeds thereof to his own use or secretes it or them with a fraudulent intent to convert to his own use, is guilty of embezzlement."

Applying this section to the present case we find that the defendant received a ring from Lucrecia Pérez, in pledge or as security for the payment of $1 which he loaned to her; but it does not appear from the complaint that the former fraudulently appropriated it or secreted it with a fraudulent intent to convert it to his own use because the complaint does not so allege. It simply states that when she endeavored to return to José Rivera the dollar she had borrowed from him he replied that he had lost the ring.

The complaint, therefore, does not contain all the essential elements of the crime of embezzlement referred to herein and cannot serve as the basis for a judgment of conviction.

We do not pretend, as we have said in other cases, that a complaint shall contain each and every one of the elements of a real information, but we do affirm that one as well as the other should contain what is essential to constitute the crime, which we repeat is not the case with the complaint before us.

For the reasons stated the judgment appealed from should be reversed, but without costs against the complainant.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.